# IN THE COURT OF APPEALS OF IOWA

No. 23-0935
Filed August 9, 2023

IN THE INTEREST OF L.A. and A.A.,
Minor Children,

A.B., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Allamakee County,
Linnea M.N. Nicol, District Associate Judge.

A mother appeals the termination of her parental rights to two children.
**AFFIRMED.**

Nathan C. Moonen, Ossian, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, for appellee State.

Sandra Benzschawel of Meyer, Lorentzen & Nelson, Decorah, attorney and
guardian ad litem for minor children.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to two children, L.A. and A.A. She contends that the children's best interests are not served by termination and instead weigh in favor of a guardianship. She also requests an exception based on the parent-child bond, and in the alternative, a six-month extension to work towards reunification. Following our de novo review, we affirm the order terminating the mother's parental rights to both children.

## I. Background Facts and Proceedings.

The Iowa Department of Health and Human Services became involved with this family in October 2022 due to reported concerns about the mother's alcohol use while parenting the children.[1] The mother was under the influence of alcohol when law enforcement arrived at the home, and the children were placed into the care of their maternal great-grandparents pursuant to a safety plan. Upon investigation, the department learned the mother recently moved to Iowa from South Carolina, where there was also an open case due to the mother's history of substance use and addiction. Prior to moving, the mother voluntarily surrendered a third child, who is a full biological sibling between the ages of L.A. (born in 2018) and A.A. (born in 2022), for adoption to a family in South Carolina.

In November, the mother made arrangements with the adoptive family to meet in Iowa and sign paperwork for a temporary guardianship of L.A. and A.A. The mother arrived to the meeting under the influence of alcohol. She continued

---

[1] The children's biological father was never successfully contacted. The children's legal father (by marriage to their mother) consented to termination of his parental rights and does not appeal.

to consume alcohol and became combative with the officer who was dispatched to the scene, resulting in her arrest for public intoxication. L.A. and A.A. were formally adjudicated as children in need of assistance (CINA) and removed from their mother's custody. They have remained in the care of their maternal great-grandparents, who reside in Iowa, during the pendency of these proceedings.

In December, the mother started an inpatient treatment program but was unsuccessfully discharged. She was asked to leave due to a relationship with a new paramour who was in treatment for methamphetamine use. The pair started living together, and the mother expressed that she would like him to adopt her children. He is on the sex offender registry, and the mother later reported to the department that he physically and sexually assaulted her. Caseworkers observed physical signs of abuse and encouraged the mother to report it to law enforcement, but she declined. The mother reported attempting to leave her paramour in March 2023, and her whereabouts have since been unknown. Her last in-person visit with the children was on February 13. She was reportedly unable to handle the supervision of both children simultaneously and often requested that only L.A. be brought to visits.

In March, the mother filed a motion to waive reasonable efforts and proceed to a permanency hearing. The mother wanted the court to institute a guardianship with the adoptive family of L.A. and A.A.'s sibling in South Carolina. Counsel for the mother advised that they discussed this path both when she was sober and intoxicated and that the mother understood that ending reasonable efforts would not guarantee the mother's preferred outcome.

The court held a permanency hearing in May. There were multiple warrants out for the mother's arrest, and she did not appear for the hearing or participate telephonically. She called the adoptive mother of the children's sibling about a week prior to the hearing to express her frustration with the State's petition to terminate her rights rather than proceed with guardianship. Based on the mother's lack of consistent visitation and ongoing struggle with sobriety, the juvenile court terminated her parental rights to both children under Iowa Code sections 232.116(1)(b), (e), and (*l*) (2023).[2] She filed a timely appeal.

## II. Review.

We review termination proceedings de novo. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015). "Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *Id.* We give weight to the district court's fact findings, especially those about witness credibility, although they are not binding. *See* Iowa R. App. P. 6.904(3)(g); *C.B.*, 611 N.W.2d at 492.

## III. Discussion.

We begin with the mother's contention that termination is not in the children's best interests. We determine a child's best interests using the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration

---

[2] The mother does not challenge the grounds for termination.

to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother contends that guardianship with the adoptive family of the children's sibling would serve their best interests. We disagree. Guardianships are not permanent. *See* Iowa Code § 633.675(1)(c) (stating that a guardianship must terminate if the court determines it is no longer necessary). Nor are they preferred over termination. *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018). Considering the ages of the children, a guardianship could last more than a decade. We will not deprive the children of permanency based on hope that the mother will someday learn how to parent and be able to provide a stable home. *See In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016); *In re C.D.*, 509 N.W.2d 509, 513 (Iowa Ct. App. 1993) (recognizing that "the permanency and stability needs of the children must come first").

We commend the mother's efforts to seek assistance from her grandparents and the adoptive family of her third child. However, we cannot ignore that she was in no better position to provide the children with a safe and permanent home at the time of the termination hearing than she had been at the time of the children's removal. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) ("Insight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing."). Although a

long-term guardianship may serve the mother's best interests, it is not in the best interests of L.A. and A.A.  Termination is in the children's best interests.

Next, the mother argues against termination under Iowa Code section 232.116(3).  That subsection lists circumstances under which the court may opt not to terminate the parent-child relationship.  Iowa Code § 232.116(3).  The decision to avoid termination under section 232.116(3) is "permissive, not mandatory."  *A.S.*, 906 N.W.2d at 475.  The mother argues against termination based on section 232.116(3)(c), which applies when clear and convincing evidence shows termination will be "detrimental" to the children because of "the closeness of the parent-child relationship."  To exercise this exception to termination, there must be clear and convincing evidence showing "that, on balance, [the closeness of] that bond makes termination more detrimental than not." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021).  The mother bears the burden of proof on this issue.  *See A.S.*, 906 N.W.2d at 476.

We find the mother failed to preserve error on this claim because she never argued the provision should be applied to prevent termination prior to this appeal.  Although failing to preserve error is sufficient reason to affirm, the juvenile court addressed the inapplicability of the section 232.116(3) exceptions, and our de novo review also shows the mother failed her burden on this issue.  The record reflects a bond between L.A. and her mother but does not show that termination will cause the children more detriment than not. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (noting "the existence of a bond is not enough" to apply section 232.116(3)(c)).  Accordingly, we affirm the court's decision not to apply this exception to termination.

Finally, the mother requests a six-month extension to work towards reunification. Iowa Code section 232.104(2)(b) allows the court to continue the children's placement for six months if doing so will eliminate the need for removal. Before continuing a placement, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

Clear and convincing evidence shows that continuing the children's placement for six months would not eliminate the need for the children's removal. The same concerns that existed at the time of the CINA adjudication existed at the termination hearing. Weighing the mother's substance-abuse history, nonparticipation in treatment, and lack of engagement with the children, the outlook for near-term, successful parenting is poor. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."). Because there is no basis for finding the need for removal will no longer exist in six months, we deny the mother's request for additional time.

In sum, termination of the mother's parental rights is in the children's best interests. We decline to establish a guardianship, apply an exception for the parent-child bond, or permit an extension of time.

**AFFIRMED.**